IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL LAIDLER,

        Plaintiff,

  vs.                                                CIVIL NO.  04-1183 LFG/DJS

COUNTY OF BERNALILLO,
CITY OF ALBUQUERQUE,
ALBUQUERQUE POLICE
DEPARTMENT, and
CORRECTIONAL MEDICAL
SERVICES, INC.

        Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING BERNALILLO COUNTY'S MOTION FOR SUMMARY JUDGMENT

THIS MATTER is before the Court on Defendant Bernalillo County's Motion for Summary Judgment [Doc. 15].  The Court considered the motion, supporting memorandum and affidavit submitted by Bernalillo County.  Plaintiff Michael Laidler ("Laidler") did not respond to the motion nor did he seek or obtain an extension of time from the Court within which to file a response in opposition or counter affidavits.

On June 14, 2005, Bernalillo County filed its Notice of Completion indicating that the motion is ripe for determination.

### Summary Judgment Standard

Summary judgment is not a "disfavored procedural shortcut."  Rather, it is an important procedure designed to "secure the just, speedy and inexpensive determination of every action."

Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).  Summary judgment is appropriate when the moving party can demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Adickes v. S.H. Kress & Co., 398 U.S. 144, 90 S. Ct. 1598 (1970); Quaker State Minit-Lube, Inc. v. Fireman's Fund Ins. Co., 52 F.3d 1522, 1527 (10th Cir. 1995).  The party moving for summary judgment has the initial burden of establishing, through admissible evidence in the form of depositions, answers to interrogatories, admissions, affidavits or documentary evidence, that there is an absence of evidence to support the opposing party's case and the moving party is entitled to judgment as a matter of law. Celotex, 477 U.S. at 325.

The factual record along with any reasonable inferences that may be drawn therefrom must be examined in the light most favorable to the party opposing summary judgment.  Spaulding v. United Transp. Union, 279 F.3d 901, 904 (10th Cir.), *cert. denied,* 537 U.S. 816 (2002).  Once the moving party meets its burden, the party opposing the motion must come forward with specific facts, supported by admissible evidence, which demonstrate the presence of a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49, 106 S. Ct. 2505, 2510 (1986); Biester v. Midwest Health Servs, Inc., 77 F.3d 1264, 1266 (10th Cir. 1996).  The party opposing the motion may not rest upon the mere denials of his pleadings to avoid summary judgment.  Fed. R. Civ. P. 56(e);  Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991).  Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant."  Mitchell v. City of Moore, 218 F.3d 1190, 1197-98 (10th Cir. 2000) (internal citation omitted).

However, the Tenth Circuit has recently explained that the nonmovant's burden to respond arises only where the summary judgment motion is properly "supported." Reed v. Bennett, 312 F.3d 1190, 1194 (10th Cir. 2002).

> Accordingly, summary judgment is "appropriate" under Rule 56(e) only when the moving party has met its initial burden of production under Rule 56(c). If the evidence produced in support of the summary judgment motion does not meet this burden, summary judgment must be denied, *even if no opposing evidentiary matter is presented.*

Id. (emphasis in original)(internal citation omitted). Thus, this Court must first decide whether Bernalillo County has met its initial burden of demonstrating that no material issues of fact remain for trial. Id.

### Background

Laidler contends that he was injured during the course of an arrest on September 26, 2002 by officers employed by the City of Albuquerque Police Department. (Amended Complaint, p. 3, ¶¶ 13-15). Laidler asserts that he was booked into the Bernalillo County Detention Center ("BCDC"), but was not provided sufficient medical care for the injuries he allegedly sustained during the course of the arrest. (Amended Complaint, p. 3, ¶ 16).

Laidler claims that in the months following, he was repeatedly deprived of sufficient medical care while in custody at BCDC. (Amended Complaint, pp. 3-4, ¶¶ 17 and 23). As a result of the alleged constitutional deprivations, Laidler filed claims against the County, including:

1. Laidler contends that Bernalillo County failed to provide him with adequate medical care upon being booked into BCDC on September 26, in violation of his federal protected rights. (Amended Complaint, pp. 4-5, ¶¶ 30-32).

2. Laidler alleged that Bernalillo County failed to provide constitutionally sufficient medical care during the remainder of his incarceration at BCDC, and has asserted *respondeat superior* liability for claimed unconstitutional acts and omissions of BCDC's personnel. (Amended Complaint, pp. 5-6, ¶¶ 35-41).

3. Laidler asserted a 42 U.S.C. § 1983 municipal liability claim for alleged constitutional violations resulting from "custom and policy" of providing inadequate medical care to detainees, as well as deficient training and supervision of detention center personnel. (Amended Complaint, pp. 6-7, ¶¶ 44-49).

4. Laidler asserted common law negligence against Bernalillo County under a *respondeat superior* theory for the alleged negligence of BCDC personnel. (Amended Complaint, pp. 8-9, ¶¶ 57-60).

## Present Motion

In support of its motion, Bernalillo County submits the affidavit of its manager, Thaddeus Lucero ("Lucero"), and declares that BCDC is operated by the City of Albuquerque pursuant to a Joint Powers Agreement existing between Bernalillo County and the City. (Lucero Affidavit, ¶ 3).

Bernalillo County demonstrate that it neither operates nor manages day-to-day activities of BCDC, and that it does not employ or supervise any personnel at the Detention Center. (Lucero Affidavit, ¶¶ 4-5). Finally, the Lucero Affidavit demonstrates that no custom or policy promulgated or implemented by Bernalillo County or the Bernalillo County Commission was in any way implicated in the incident about which Laidler complains. (Lucero Affidavit, ¶¶ 3-5).

Laidler fails to challenges any of the factual allegations. Indeed, he entirely failed to respond to the motion for summary judgment and failed to respond to a request to voluntarily dismiss the

claims against the County. The failure to file a response in opposition to a motion constitutes consent to the grant of the motion. D.N.M.LR-Civ. 7.1(b). Thus, while the Court could simply conclude that Laidler consented to the entry of summary judgment against him as a result of his non-compliance with a local rule, the Tenth Circuit recently cautioned against such determinations, as they may be viewed as sanctions orders. Reed, 312 F.3d at 1194. Accordingly, the Court will not base its determination on Laidler's failure to response, but, rather, on the merits of the motion.

In this case, the only evidence before the Court is that Bernalillo County does not operate, manage or supervise the day-to-day activities of BCDC. Instead, pursuant to a joint powers agreement, those responsibilities are undertaken by the City of Albuquerque. The unrebutted evidence before the Court is that no Bernalillo County policy or procedure was in any implicated by, lead to or caused the incident of which Laidler complains. The clear and convincing evidence presented demonstrates that Bernalillo County employees were not involved in any of Laidler's claimed constitutional or common law violations.

The Court determines that Bernalillo County has made a *prima facie* showing demonstrating that there are no material facts in dispute and that it is entitled to judgment as a matter of law. Upon such a showing, the burden shifts Laidler to come forward with admissible evidence. Laidler failed to shoulder that burden. No counter-affidavit, deposition testimony, document, admission, nor any other evidence demonstrating even a minor factual conflict was submitted by Laidler. Thus, the Court accepts as true the only evidence that has been submitted in support of the motion. Laidler remained silent in the face of Bernalillo's *prima facie* showing. This is impermissible. The Court concludes that Bernalillo County is entitled to judgment as a matter of law.

**Failure to Voluntarily Dismiss**

By virtue of the Detention Center's name, a reasonable individual could infer that Bernalillo County operated the facility. Thus, the Court does not fault Laidler for initially believing that Bernalillo County was involved in the operation, maintenance and supervision of BCDC employees. However, once Laidler became aware of the Joint Powers Agreement and the Thaddeus Affidavit, and in the absence of evidence to challenge these representations, it was incumbent on Laidler to concede the motion and withdraw claims against Bernalillo County. The refusal to withdraw the claims, in the face of a meritorious motion, is improper. Indeed, had Defendant asserted the safe harbor provisions of Rule 11, the refusal to concede the motion could be sanctionable.

The Court reminds counsel of the obligations imposed by the Federal Rules of Civil Procedure and the Code of Professional Responsibility. In the future, unless a party can in good faith demonstrate a factual predicate to substantiate the claims being asserted, they should be voluntarily withdrawn.

IT IS ORDERED that Bernalillo County's Motion for Summary Judgment [Doc. 15] is GRANTED with the result that Bernalillo County is dismissed from this action with prejudice. Judgment in favor of Bernalillo County will be entered and Bernalillo County is entitled to its taxable costs.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge